UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

- - - - - - - - - - -

UNITED STATES OF AMERICA,

        Plaintiff,                     No. 2:24-cr-00017-RJJ

vs.                               Hon. Robert J. Jonker
                                      United States District Judge

DINSIMORE GUYTON ROBINSON,

        Defendant.

_____/

## MOTION FOR AN ORDER OF FORFEITURE FOR A MONEY JUDGMENT

Plaintiff United States of America, by and through its attorneys, Andrew Byerly Birge, Acting United States Attorney for the Western District of Michigan, and Daniel T. McGraw, Assistant United States Attorney, respectfully submits its Motion for an Order of Forfeiture for a Money Judgment. In support of its motion, the government states as follows:

1. On July 16, 2024, a Federal Grand Jury in the Western District of Michigan returned an Indictment against Defendant Dinsimore Guyton Robinson, charging him with conspiracy to commit money laundering, in violation 18 U.S.C. §§ 1956(h, (a)(1)(B)(i). The Indictment included a forfeiture allegation indicating the government's intention to seek a forfeiture money judgment of at least $178,658 in United States Currency, representing the amount of proceeds obtained directly or indirectly, as a result of the conspiracy charged in the Indictment, pursuant to 18 U.S.C. § 982(a)(1).

2. On January 22, 2025, Defendant entered a plea of guilty to the Indictment. Pursuant to his plea agreement, Defendant consented to the entry of a forfeiture money judgment against himself in the amount of $56,672.36, which represents the proceeds Defendant obtained as a result of his involvement in the offense charged.

3. By virtue of the Defendant's guilty plea and plea agreement, the United States requests that the Court impose an order of forfeiture for a money judgment against the Defendant in the amount of $56,672.36 at the time of sentencing.

4. The entry of an order of forfeiture in the form of a personal money judgment is specifically authorized by Rule 32.2(b)(1) and (c)(1) of the Federal Rules of Criminal Procedure. Such orders of forfeiture are commonplace. *See, e.g., United States v. Hampton*, 732 F.3d 687, 692 (6th Cir. 2013) (a forfeiture money judgment is authorized regardless of whether defendant has assets sufficient to satisfy the money judgment at the time of sentencing); *United States v. Darji,* 609 Fed. App'x 320, (6th Cir. 2015) (following *Hampton*; "a defendant's ability to pay is not relevant in the forfeiture analysis"); *United States v. Abdelsalam,* 311 F. App'x 832, 847 (6th Cir. 2009) ("A forfeiture action can take the form of a money judgment, forfeiture of specific assets, or forfeiture of substitute assets."); *United States v. Hall*, 434 F.3d 42, 59 (1st Cir. 2006) (a money judgment "permits the government to collect on the forfeiture order in the same way that a successful plaintiff collects a money judgment from a civil defendant"). The government may satisfy that judgment pursuant to 21

2

U.S.C. § 853(p) with substitute assets.

WHEREFORE, by virtue of the plea of guilty that has been accepted by this Court, the United States respectfully requests that the Court impose a forfeiture money judgment in the amount of $56,672.36 at the time of sentencing. A proposed order is attached.

                                  Respectfully submitted,

                                  ANDREW BYERLY BIRGE
                                  Acting United States Attorney

Dated: May 16, 2025                      /s/ Daniel T. McGraw
                                  DANIEL T. McGRAW
                                  Assistant United States Attorney
                                  P.O. Box 208
                                  Grand Rapids, MI 49501-0208
                                  (616) 456-2404